UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CRIMINAL ACTION NO. 13-62-JMH
CIVIL ACTION NO. 16-196-JMH

UNITED STATES OF AMERICA                                           PLAINTIFF

V.

ROBERT WALTERS                                                     DEFENDANT

### REPORT AND RECOMMENDATION

Pending is defendant's motion for postconviction relief under 28 U.S.C. §2255. Doc. 432. After examining the record and applicable law, the Court concludes the motion should be denied.

**I. Factual and Procedural History**

In February 2014 defendant entered into a plea agreement with the United States. Under the terms of the agreement, defendant pleaded guilty to one count of Conspiracy to Distribute Oxycodone, a Schedule II controlled substance; one count of Conspiracy to Launder Proceeds of Unlawful Activity; and one count of Possession of Firearms by a Convicted Felon under 18 U.S.C. §922(g)(1). Doc. 289. Due to his extensive criminal history, defendant was determined to be an armed career offender under 18 U.S.C. §924(e). Defendant was sentenced in June 2014 to twenty years on each of the aforementioned charges, to be served concurrently. Doc. 380.

The pending §2255 motion was not filed until June 2016,[1] meaning that it was not filed within one year of defendant's sentence becoming final, as is generally required. Nonetheless,

---

1 Though filed by the Clerk of Court on June 13, 2016, the §2255 motion states that it was placed in the prison mail system on May 29, 2016. Doc. 432, p. 15.

1

the United States concedes that the motion is timely to the extent that it was filed within one year after the issuance of *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague.[2] Moreover, very recently the Supreme Court held that its *Johnson* decision was retroactive to cases on collateral review. *Welch v. United States,* 136 S.Ct. 1257 (2016). The sole question raised properly in the motion is whether defendant is afforded relief pursuant to *Johnson*.[3]

**II. Analysis**

As the Sixth Circuit has explained,

> A defendant is classified as an armed career criminal if he violates 18 U.S.C. § 922(g) and has three previous convictions for serious drug offenses or violent felonies committed on different occasions. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:
> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical

---

2 "Because *Johnson* announced a new rule of constitutional law, it has a retroactive effect for ACC cases. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). As Walters filed his § 2255 Motion within a year of the decision in *Johnson*, the United States does not take issue that his claim is timely under 28 U.S.C. § 2255(f)(3)." Doc. 441, p. 3. As the Court construes it, the United States concedes in that passage only that claims based on *Johnson* were timely filed.
3 The United States contends defendant is not entitled to relief because he waived the right to seek collateral relief, except for ineffective assistance of counsel claims, in section seven of his plea agreement. That clause provides: "Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." Doc. 289, p. 6. Although some courts have reached a contrary conclusion, some courts have adopted the United States' position regarding waiver clauses in plea agreements barring claims based upon *Johnson*. *See, e.g., Moore v. United States*, 2016 WL 3647863 (E.D.N.C. July 1, 2016). The parties have not cited, nor has the Court independently located, any definitive holding by the Sixth Circuit on this issue. However, the Court need not resolve definitively whether the §2255 motion is barred by the plea agreement's waiver clause as defendant's claims fail on the merits (i.e., they do not fall under *Johnson*'s ambit because the predicate offenses at issue were not deemed violent felonies pursuant to the residual clause).

>           force against the person of another; or
>                   (ii) is burglary, arson, or extortion, involves use of explosives, or
>           otherwise involves conduct that presents a serious potential risk of physical injury
>           to another[.]
>           18 U.S.C. § 924(e)(2)(B). This statutory section has been interpreted to create
>           three separate avenues of liability: the "use of physical force" clause in §
>           924(e)(2)(B)(i); the "enumerated offenses" clause in § 924(e)(2)(B)(ii); and the
>           "residual clause" immediately following the enumerated offenses in §
>           924(e)(2)(B)(ii). *See United States v. Mitchell,* 743 F.3d 1054, 1058 (6th
>           Cir.2014). A defendant sentenced as an armed career criminal is subject to a
>           mandatory-minimum sentence of fifteen years of imprisonment. 18 U.S.C. §
>           924(e)(1).

*United States v. Kemmerling*, 612 Fed. Appx. 373, 375 (6th Cir. 2015). *Johnson*, however, explicitly discussed and invalidated only the residual clause (18 U.S.C. §924(e)(2)(B)(ii)). *See* 135 S.Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process . . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Therefore, *Johnson* provides no basis for relief for any offense deemed a violent felony under the use of physical force clause, the enumerated offense clause or the serious drug offense clause.

As the presentence investigation report and the record make plain, none of the predicate offenses at issue were deemed violent felonies via application of the residual clause. Instead, defendant's California conviction for assault with a deadly weapon was found to qualify as a violent felony under the usage of force clause and his three Kentucky controlled substance convictions were found to qualify as violent felonies via the "serious drug offense" clause. Consequently, *Johnson* is irrelevant to the question of whether defendant's previous convictions qualify as violent felonies. As a result, defendant is not entitled to relief.[4]

---

4 Defendant raises various scattershot arguments that his prior convictions

### III. Conclusion

For the foregoing reasons, defendant's 28 U.S.C. §2255 motion (doc. 432) should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 15th day of September, 2016

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge

---

should not have been deemed qualifying violent felonies. For example, defendant argues that his California conviction is too old and was not a crime of violence. He also argues, among other things, that his various Kentucky drug offenses should only count as one, not multiple, predicate offenses for calculating career offender status. Simply put, defendant has not demonstrated that he is entitled to relief for the basic reasons set forth by the United States in its response. Moreover there are serious questions as to whether the claims, which despite defendant's argument to the contrary are not properly based on *Johnson*, are barred by his plea agreement's waiver clause and/or were timely filed.