```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                  CENTRAL DIVISION AT LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 5:13-cr-00062-JMH-HAI |
| v. | ) | |
| | ) | |
| ROBERT ALLEN WALTERS, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

```
              **    **    **    **    **
```

Defendant Robert Allen Walters filed a motion under 28 U.S.C. § 2255, seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) [DE 432].

On September 15, 2016, Magistrate Judge J. Gregory Wehrman entered a Report and Recommendation [DE 444] in which he recommended that there is no merit to Walters' Motion because *Johnson* is irrelevant to the question of whether defendant's previous convictions qualify as violent felonies.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Defendant makes no objections to the factual and procedural history set forth in the Report and Recommendation, and the Court adopts them as its own without further consideration. *See* 28 U.S.C. § 636 (stating that

generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (holding that, when a petitioner fails to file any objections to the Report and Recommendation, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard.").

If objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas*, 474 U.S. at 151 (citation omitted). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)).

Thus, the Court turns its attention to Walters' Objections [DE 446, 447 (duplicate)] in which he insists that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). Considering the matter de novo, the Court is not persuaded. Both his conviction for Assault with a Deadly Weapon under Cal. Penal Code § 245(a)(1) and his three drug convictions in Kentucky are

enumerated offenses for the purposes of determining whether he was an armed career offender under 18 U.S.C. § 924(e), not offenses which fall within the residual clause, as he insists. Nor are any of these convictions too "remote in time" to qualify him as an armed career offender since there is no time limit imposed by statute. *Johnson* provides no basis for relief for any offense deemed a violent felony under the use of physical force clause, the enumerated offense clause or the serious drug offense clause. *See Johnson*, 135 S.Ct. at 2563 (invalidating only the residual clause); *United States v. Kemmerling*, 612 Fed. Appx. 373, 375 (6th Cir. 2015) (explaining the three separate avenues of liability under § 924(e)). Thus, no relief is available to Walters, and this Court will adopt the reasoning set forth in the Report and Recommendation as its own.

Finally, the Court considers whether a certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of

3

that debate."  *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that a certificate should not issue in this matter.

Accordingly, **IT IS ORDERED:**

(1)  that the Magistrate Judge's Report and Recommendation [DE 444] is **ACCEPTED** and **ADOPTED** as the Court's decision;

(2)  that Defendant's Motion Under 28 U.S.C. § 2255 [DE 432] is **DENIED**; and

(3)  that no certificate of appealability shall issue.

This is the 15th day of February, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4